UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

VERONICA KENNY,

          Plaintiff,

v.                                 CASE NO. 1:24-CV-01062-KJG-KRS

IFINANCE LLC and
OKINUS, INC.,

          Defendants.

**PLAINTIFF'S MOTION AND BRIEF TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff Veronica Kenny moves the Court to remand this lawsuit as this court lacks jurisdiction. Defendant Okinus, Inc. opposes this Motion. Defendant iFinance LLC's position was not obtained as it has not entered in this matter.

Plaintiff filed her First Amended Complaint on November 19, 2024 [Doc. 12]. Plaintiff's First Amended Complaint's brings only state law claims against Defendants for fraud, conversion and unjust enrichment, plus claims for violations of the New Mexico Unfair Practices Act ("UPA"), NMSA § 57-12-1 *et seq.*, the New Mexico Retail Installment Sales Act ("RISA"), NMSA § 56-1-1 *et seq.*, the New Mexico Small Loan Act ("SLA"), NMSA 1978, § 58-15-1 *et seq.*, and the New Mexico Rental Purchase Agreement Act ("RPAA"), NMSA 1978, § 57-26-1 *et seq.* Plaintiff's First Amended Complaint shows that she has not brought any federal law claims. [Doc. 12]. Plaintiff has abandoned, and not intend to re-allege, the federal law claims that gave rise to Defendant Okinus, Inc.'s removal. [Doc. 1].

Federal courts must remand a case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. §1447(c). In the Tenth Circuit, it is well established that where the plaintiff has agreed to dismiss the claims purportedly

giving rise to federal jurisdiction, leaving only state law claims, the lawsuit should be remanded, absent extraordinary circumstances that allow for discretionary exercise of jurisdiction over the state law claims. *See Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010) ("we have ruled pendent jurisdiction over state claims is exercised on a discretionary basis and generally held that if federal claims are dismissed before trial, leaving only issues of state law, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice") (quotation marks, editorial parenthesis and citations omitted) *abrogated on other grounds by Torres v. Madrid*, ___ U.S. ___, 141 S. Ct. 989 (2021); *Smith v. City Of Enid*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."); *Anaya v. Rael*, No. 1:22-cv-00435, 2022 U.S. Dist. LEXIS 189465 (D. N.M. Oct. 17, 2022); *Gutierrez v. Geofreddo*, No. 20-cv-502, 2021 U.S. Dist. LEXIS 61721 (D. N.M. Mar. 31, 2021); *Favela v. City of Las Cruces*, 431 F.Supp.3d 1255 (D. N.M. 2020); *Salazar v. San Juan County Detention Center*, 301 F.Supp.3d 992 (D. N.M. 2017) (ordering remand of state law claims after dismissal of federal claims even though the claims had been litigated in federal court for two years). *See also Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988) ("when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice"); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) (where "federal claims are dismissed before trial . . . the state claims should be dismissed as well"). Normally, "notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary." *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995). "Resolving the remaining state claims would require the Court to

unnecessarily make decisions of state law." *Saenz v. Lovington Municipal School District*, 105 F. Supp. 3d 1271, 1316 (D. N.M. 2015).

Here, the case is in its early stages. Defendant iFinance LLC was served on November 19, 2024 [Doc. 17], and it has not filed a responsive pleading. No scheduling order has been entered. [Doc. 10]. Plaintiff's amended complaint, filed in the very earliest stage of this litigation, states that she is not seeking a remedy under federal law. She alleges exclusively, and plainly, New Mexico causes of action. [Doc. 12]. Plaintiff is the "master of the claim" and "[b]y omitting federal claims from a complaint, a plaintiff can [generally] guarantee an action will be heard in state court." *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbard, Inc*., 693 F.3d 1195, 1202 (10th Cir. 2012); *see also Board of County Commissioners of Boulder County* (supra). Under the well-pleaded complaint rule, which instructs courts to focus on the claims which the plaintiff recited in the complaint to determine whether federal law has been invoked, federal jurisdiction is only appropriate where "federal law creates the cause of action asserted." *See Board of County Commissioners of Boulder County v. Suncor Energy (U.S.A.), Inc*., 25 F.4th 1238, 1255 (10th Cir. 2022) (citation omitted).

Under the present facts and posture, there exist no extraordinary circumstances which might compel this Court to exercise discretionary jurisdiction over Plaintiff's remaining state law claims. As such, this Court now lacks jurisdiction and the Court's presumption should be against Defendant Okinus, Inc.'s removal. *See Oklahoma Farm Bureau Mutual Insurance Company v. JSSJ Corporation*, 149 F. App'x 775, 778 (10th Cir. 2005) ("[g]iven the limited scope of federal jurisdiction, there is a presumption against removal, and courts must deny such jurisdiction if not affirmatively apparent on the record"); *see also Fajen v. Foundation Reserve Insurance Company, Inc*. 683 F.2d 331, 333 (10th Cir. 1982) ("[a]ll doubts are to be resolved against removal") and *Celli*

*v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994) ("the presumption is that [federal courts] lack

jurisdiction unless and until a plaintiff pleads sufficient facts to establish it"). Here, remand is

clearly appropriate.

In conclusion, Plaintiff requests that the Court remand this lawsuit to state court.


Respectfully submitted,

New Mexico Legal Aid, Inc.

*/s/Cassie M. Fleming*
Cassie M. Fleming
P.O. Box 25486
Albuquerque, NM 87125-5486
(505) 545-8550 phone
(505) 501-7997 fax
cassief@nmlegalaid.org
Attorneys for Plaintiff

*/s/ David C. Kramer _____*
David C. Kramer
P.O. Box 25486
Albuquerque, NM 87125-5486
(505) 552-3005 phone
(505) 551-1537 fax
davidk@nmlegalaid.org
Attorneys for Plaintiff


## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the forgoing was electronically filed, and

electronically served on all parties that have appeared in the matter, consistent with the courts

electronic service procedures.


*/s/Cassie M. Fleming*
Cassie M. Fleming