**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| VERONICA KENNY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:24-cv-01062-KG-KRS |
| | ) |
| IFINANCE LLC, | ) |
| OKINUS, INC., | ) |
| | ) |
| Defendants. | ) |

_____

## DEFENDANT OKINUS, INC.'S ANSWER TO
## PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Okinus, Inc. ("Okinus") responds to Plaintiff's First Amended Complaint for Damages ("Amended Complaint") as follows:

1.     Okinus denies the allegations of paragraph 1 of the Amended Complaint.

2.     Okinus denies the allegations of paragraph 2 of the Amended Complaint.

3.     Okinus denies the allegations of paragraph 3 of the Amended Complaint.

4.     Okinus denies the allegations of paragraph 4 of the Amended Complaint.

5.     Okinus admits that Plaintiff's Amended Complaint seeks relief under common law and various state statutes.  Okinus denies that Plaintiff is entitled to any such relief.  All remaining allegations of paragraph 5 are denied.

## PARTIES

6.     The allegations of paragraph 6 state a legal conclusion to which no response from Okinus is required.  To the extent a response is required, the allegations are denied.  Responding further, Okinus lacks knowledge or information sufficient to form a belief as to Plaintiff's current residence.

7.     The allegations of paragraph 7 do not pertain to this Defendant and, therefore, are denied.

8.      Okinus admits that it is a Georgia corporation that conducts business in the State of Georgia, and admits that it is not registered to do business in New Mexico. The remaining allegations of paragraph 8 are denied.

9.      Okinus admits that it provides rental-purchase of certain goods sold at iFinance LLC ("iFinance"). The remaining allegations of paragraph 9 are denied.

10.     The allegations of paragraph 10 state a legal conclusion to which no response from Okinus is required.  To the extent a response is required, the allegations are denied.

11.     Okinus admits that as part of its regular course of business, it provides rental-purchase of goods.  The remaining allegations of paragraph 11 are denied.

12.     Okinus denies the allegations of paragraph 12 of the Amended Complaint.

13.     Okinus denies the allegations of paragraph 13 of the Amended Complaint.

## FACTS

14.     Okinus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Amended Complaint.

15.     Okinus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Amended Complaint.

16.     Okinus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Amended Complaint.

17.     Okinus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Amended Complaint.

18.     Okinus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Amended Complaint.

19.     Okinus lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of paragraph 19 of the Amended Complaint.

20.     Okinus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Amended Complaint.

21.     Okinus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Amended Complaint.

22.     Okinus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Amended Complaint.

23.     Okinus denies the allegations of paragraph 23 as they pertain to this Defendant.

24.     Okinus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Amended Complaint.

25.     Okinus denies the allegations of paragraph 25 as they pertain to this Defendant.

26.     Okinus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Amended Complaint.

27.     Okinus denies the allegations of paragraph 27 of the Amended Complaint as they pertain to this Defendant.

28.     Okinus denies the allegations that pertain to Okinus contained in paragraph 28 of the Amended Complaint.  Okinus lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 28 of the Amended Complaint.

29.     Okinus denies the allegations that pertain to Okinus contained in paragraph 29 of the Amended Complaint.  Okinus lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 29 of the Amended Complaint.

30.     Okinus denies the allegations of paragraph 30 of the Amended Complaint as they pertain to this Defendant.

31.    Okinus denies the allegations of paragraph 31 of the Amended Complaint as they pertain to this Defendant.

32.    Okinus admits that it prepared the Rental Purchase Agreement.  Any remaining allegations of paragraph 32 are denied.

33.    Okinus denies the allegations that pertain to Okinus contained in paragraph 33 of the Amended Complaint.  Okinus lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 33 of the Amended Complaint.

34.    Okinus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Amended Complaint.

35.    Okinus denies the allegations of paragraph 35 of the Amended Complaint.

36.    Okinus denies the allegations of paragraph 36 of the Amended Complaint.

37.    Okinus denies the allegations of paragraph 37 of the Amended Complaint.

38.    Okinus denies the allegations of paragraph 38 of the Amended Complaint as they pertain to this Defendant.

39.    Okinus denies the allegations of paragraph 39 of the Amended Complaint as they pertain to this Defendant.

40.    Okinus denies the allegations of paragraph 40 of the Amended Complaint.

41.    Okinus denies the allegations of paragraph 41 of the Amended Complaint as they pertain to this Defendant.

42.    Okinus denies the allegations of paragraph 42 of the Amended Complaint.

43.    Okinus denies the allegations of paragraph 43 of the Amended Complaint.

44.    Okinus admits that the cash price of the property at issue in the Rental Purchase Agreement was $1,799.00.  All remaining allegations of paragraph 44 are denied.

45.     In response to paragraph 45, Okinus states that the Rental Purchase Agreement speaks for itself.  To an extent a response is required, the allegations of paragraph 45 are denied.

46.     Okinus denies the allegations of paragraph 46 of the Amended Complaint.

47.     In response to paragraph 47, Okinus states that the Rental Purchase Agreement speaks for itself.  To an extent a response is required, the allegations of paragraph 47 are denied.

48.     Okinus denies the allegations of paragraph 48 of the Amended Complaint.

49.     Okinus denies the allegations of paragraph 49 of the Amended Complaint.

50.     Okinus denies the allegations of paragraph 50 of the Amended Complaint.

51.     Okinus denies the allegations of paragraph 51 of the Amended Complaint.

52.     Okinus denies the allegations of paragraph 52 of the Amended Complaint.

53.     Okinus denies the allegations of paragraph 53 of the Amended Complaint.

54.     Okinus denies the allegations of paragraph 54 of the Amended Complaint.

55.     The allegations of paragraph 55 state a legal conclusion to which no response from Okinus is required.  To the extent a response is required, the allegations are denied.

56.     The allegations of paragraph 56 state a legal conclusion to which no response from Okinus is required.  To the extent a response is required, the allegations are denied.

57.     Okinus denies the allegations of paragraph 57 of the Amended Complaint.

58.     The allegations of paragraph 58 state a legal conclusion to which no response from Okinus is required.  To the extent a response is required, the allegations are denied.

59.     Okinus denies the allegations of paragraph 59 of the Amended Complaint.

60.     The allegations of paragraph 60 state a legal conclusion to which no response from Okinus is required.  To the extent a response is required, the allegations are denied.

61.     Okinus denies the allegations of paragraph 61 of the Amended Complaint.

62.     Okinus denies the allegations of paragraph 62 of the Amended Complaint.

63.     Okinus denies the allegations of paragraph 63 of the Amended Complaint.

64.     Okinus denies the allegations of paragraph 64 of the Amended Complaint.

65.     Okinus admits that the Rental Purchase Agreement contains an arbitration provision.  All remaining allegations of paragraph 65 are denied.

66.     Okinus admits that the Rental Purchase Agreement contains an arbitration provision.  All remaining allegations of paragraph 66 are denied.

67.     Okinus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 of the Amended Complaint.

68.     Okinus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 of the Amended Complaint.

69.     In response to paragraph 69, Okinus states that the Rental Purchase Agreement speaks for itself.  To an extent a response is required, the allegations of paragraph 69 are denied.

70.     Okinus denies the allegations of paragraph 70 of the Amended Complaint.

71.     Okinus denies the allegations of paragraph 71 of the Amended Complaint.

72.     The allegations of paragraph 72 do not pertain to this Defendant and are therefore denied. To the extent paragraph 72 pertains to this Defendant, the allegations are denied.

73.     The allegations of paragraph 73 state a legal conclusion to which no response from Okinus is required.  To the extent a response is required, the allegations are denied.

74.     Okinus denies the allegations of paragraph 74 of the Amended Complaint.

75.     The allegations of paragraph 75 contain a legal conclusion to which no response is required. To the extent a response is required, such allegations are denied.

76.     Okinus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76 of the Amended Complaint.

77.     Okinus admits that it withdrew payments from Plaintiff's checking account in accordance with the Rental Purchase Agreement.  Okinus lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 77 of the Amended Complaint.

78.     Okinus denies the allegations of paragraph 78 of the Amended Complaint.

79.     Okinus denies the allegations of paragraph 79 of the Amended Complaint.

80.     Okinus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80 of the Amended Complaint.

81.     Okinus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81 of the Amended Complaint.

82.     Okinus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82 of the Amended Complaint.

83.     Okinus admits that it withdrew payments from Plaintiff's checking account in accordance with the Rental Purchase Agreement.  The remaining allegations of paragraph 83 are denied.

84.     Okinus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 84 of the Amended Complaint.

85.     Okinus denies the allegations of paragraph 85 of the Amended Complaint.

86.     Okinus denies the allegations of paragraph 86 of the Amended Complaint as they pertain to this Defendant.  Okinus lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 86 of the Amended Complaint.

87.     Okinus denies the allegations of paragraph 87 of the Amended Complaint as they pertain to this Defendant.  Okinus lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 87 of the Amended Complaint.

88.     Okinus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 88 of the Amended Complaint.

89.     Okinus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 89 of the Amended Complaint.

90.     Okinus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 90 of the Amended Complaint.

91.     Okinus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91 of the Amended Complaint.

92.     Okinus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 92 of the Amended Complaint.

93.     Okinus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 93 of the Amended Complaint.

94.     Okinus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 94 of the Amended Complaint.

95.     Okinus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 95 of the Amended Complaint.

96.     Okinus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 96 of the Amended Complaint.

97.     Okinus admits that Plaintiff called Okinus in late February 2024 regarding bed bugs on the property at issue.  Any remaining allegations of paragraph 97 are denied.

98.     Okinus denies the allegations of paragraph 98 of the Amended Complaint.

99.     Okinus admits the allegations of paragraph 99 of the Amended Complaint.

100.    Okinus denies the allegations of paragraph 100 of the Amended Complaint.

101.    Okinus admits that it demanded compliance with the terms of the Rental Purchase Agreement.  Any remaining allegations of paragraph 101 are denied.

102.    Okinus denies the allegations of paragraph 102 of the Amended Complaint.

103.    The allegations of Paragraph 103 contain a legal conclusion to which no response is required.  To the extent a response is required, such allegations are denied.

104.    Okinus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 104 of the Amended Complaint.

105.    Okinus reports the factual status of Plaintiff's payments, as required.  Okinus denies the remaining allegations of paragraph 105 of the Amended Complaint.

106.    Okinus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 106 of the Amended Complaint.

107.    Okinus lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 107 of the Amended Complaint.

108.    Okinus denies the allegations of paragraph 108 of the Amended Complaint.

109.    Okinus denies the allegations of paragraph 109 of the Amended Complaint.

110.    Okinus denies the allegations of paragraph 110 of the Amended Complaint.

**FIRST CLAIM FOR RELIEF: VIOLATION OF THE UPA**

111.    Okinus denies the allegations of paragraph 111 of the Amended Complaint.

112.    Okinus denies the allegations of paragraph 112 of the Amended Complaint.

113.    Okinus denies the allegations of paragraph 113 of the Amended Complaint.

114.    Okinus denies the allegations of paragraph 114 of the Amended Complaint.

115.    Okinus denies the allegations of paragraph 115 of the Amended Complaint.

## SECOND CLAIM FOR RELIEF: VIOLATION OF THE RISA

116.    Okinus denies the allegations of paragraph 116 of the Amended Complaint.

117.    Okinus denies the allegations of paragraph 117 of the Amended Complaint.

## THIRD CLAIM FOR RELIEF: VIOLATION OF THE SLA

118.    Okinus denies the allegations of paragraph 118 of the Amended Complaint.

119.    Okinus denies the allegations of paragraph 119 of the Amended Complaint.

120.    Okinus denies the allegations of paragraph 120 of the Amended Complaint.

## FOURTH CLAIM FOR RELIEF: FRAUD

121.    Okinus denies the allegations of paragraph 121 of the Amended Complaint.

122.    Okinus denies the allegations of paragraph 122 of the Amended Complaint.

123.    Okinus denies the allegations of paragraph 123 of the Amended Complaint.

124.    Okinus denies the allegations of paragraph 124 of the Amended Complaint.

## FIFTH CLAIM FOR RELIEF: VIOLATION OF THE RPAA

125.    Okinus denies the allegations of paragraph 125 of the Amended Complaint.

126.    Okinus denies the allegations of paragraph 126 of the Amended Complaint.

## SIXTH CLAIM FOR RELIEF: CONVERSION

127.    Okinus denies the allegations of paragraph 127 of the Amended Complaint.

128.    Okinus denies the allegations of paragraph 128 of the Amended Complaint.

129.    Okinus denies the allegations of paragraph 129 of the Amended Complaint.

130.    Okinus denies the allegations of paragraph 130 of the Amended Complaint.

131.    Okinus denies the allegations of paragraph 131 of the Amended Complaint.

## SEVENTH CLAIM FOR RELIEF: UNJUST ENRICHMENT

132. Okinus denies the allegations of paragraph 132 of the Amended Complaint.

133. Okinus denies the allegations of paragraph 133 of the Amended Complaint.

134. Okinus denies the allegations of paragraph 134 of the Amended Complaint.

135. Okinus denies the allegations of paragraph 135 of the Amended Complaint.

136. Okinus denies the allegations of paragraph 136 of the Amended Complaint.

## "WHEREFORE" CLAUSE

Okinus denies all allegations contained in Plaintiff's "Wherefore" Clause and Prayer for Relief, and denies that Plaintiff is entitled to any relief whatsoever based upon the allegations contained in the Amended Complaint. Unless expressly admitted herein, all allegations in Plaintiff's Amended Complaint are denied.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

Plaintiff has failed to state a claim against Okinus upon which relief can be granted.

## SECOND DEFENSE

At all relevant times, Okinus maintained and followed reasonable procedures to avoid violations of all federal and state statutes.

## THIRD DEFENSE

Okinus alleges that any alleged damages to Plaintiff are the result of the acts or omissions of someone other than Okinus.

## FOURTH DEFENSE

Plaintiff failed to mitigate her alleged damages.

## FIFTH DEFENSE

Plaintiff's claims for exemplary or punitive damages violate the Due Process Clause of the Fourteenth Amendment and the laws of the State of New Mexico.

## SIXTH DEFENSE

Okinus has fully complied with all contractual provisions and pleads performance as a complete defense.

## SEVENTH DEFENSE

Any alleged damages to Plaintiff were caused in whole or in part by an intervening or superseding cause.

## EIGHTH DEFENSE

Plaintiff's claims are subject to binding arbitration in accordance with the Rental Purchase Agreement, and must be arbitrated accordingly.[1]

---

[1] On October 29, 2024, Okinus filed a Motion to Stay Proceedings and Compel Arbitration (Doc. 4, "Motion"). Since then, Plaintiff filed her Amended Complaint on November 19, 2024 (Doc. 12), and she subsequently filed a Response in Opposition to the Motion on November 26, 2024 (Doc. 22). In her Opposition, Plaintiff addresses Okinus's Motion on the merits, without making any argument that the Motion is moot by way of her Amended Complaint. Because Plaintiff has not made such an argument and Okinus' Motion is equally applicable to, and unchanged by, the Amended Complaint (which only removes a few federal causes of action), Okinus's Motion is not moot. *See Gov't Emps. Ins. Co. v. Mount Prospect Chiropractic Ctr., P.A.*, 98 F.4th 463, 472–73 (3d Cir. 2024) (holding the district court abused its discretion in denying a motion to compel arbitration *sua sponte* as being moot by way of an amended complaint, stating "we will join our colleagues on the Second and Sixth Circuits by holding that district courts may, in their discretion, deny as moot motions directed to subsequently amended complaints or apply their arguments to the new complaint and dispose of them on the merits.") (citing *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303–04 (2d Cir. 2020); *Crawford v. Tilley*, 15 F.4th 752, 759 (6th Cir. 2021)). Okinus intends to file its forthcoming Reply brief in support of the Motion on December 10, 2024.

## NINTH DEFENSE

Okinus reserves the right to interpose further defenses to which it may be entitled as revealed by further proceedings and reserves the right to amend its Answer to assert any such defenses.

## COUNTERCLAIM

COMES NOW Okinus, and asserts the following counterclaim against Plaintiff.

1.    On or around November 14, 2023, Plaintiff made selections of furniture for purchase at the iFinance Furniture & More store located at 1100 E Aztec Ave. Ste. A, Gallup, New Mexico 87301.

2.    Plaintiff chose to enter into a Rental Purchase Agreement with Okinus where Plaintiff selected the specific furniture she wanted, Okinus forwarded payment to iFinance, and Plaintiff agreed to repay Okinus under the terms of the Rental Purchase Agreement until the lease was fully satisfied.

3.    As part of the Rental Purchase Agreement, Plaintiff authorized Okinus to draft her checking, debit or credit card account(s) for payment due under the Agreement.

4.    Plaintiff did not maintain sufficient funds in her checking, debit and/or credit card account to satisfy the payments due under the Agreement.

5.    Plaintiff ceased making payments under the Rental Purchase Agreement.

6.    Plaintiff's account balance currently owed to Okinus as of the date of this Answer is $4,275.36.

## BREACH OF CONTRACT

7.    Okinus reincorporates all previous allegations as if fully asserted herein.

8.    The Rental Purchase Agreement, attached herein at Exhibit A, is a valid and enforceable contract between Plaintiff and Okinus.

9.      Plaintiff breached the Rental Purchase Agreement by failing to make all the required payments thereunder.

10.     Okinus has fully performed under the Rental Purchase Agreement.

11.     Plaintiff's breach has proximately caused damages to Okinus in the amount of $4,275.36. Okinus is entitled to an award for damages arising out of Plaintiff's breach of contract.

WHEREFORE, having fully answered the Amended Complaint of Plaintiff and having asserted the above counterclaim against Plaintiff, Defendant Okinus prays as follows:

(1) That Plaintiff's Amended Complaint be dismissed in its entirety;

(2) For judgment to Okinus on all causes of action;

(3) For judgment to Okinus on all defenses and affirmative defenses;

(4) For judgment to Okinus on Okinus' counterclaim;

(5) For actual, consequential, and incidental damages;

(6) For Attorneys' fees;

(7) For the cost of this action; and

(8) For any other and further relief this Court deems just and proper.

Respectfully submitted,

MODRALL, SPERLING, ROEHL, HARRIS
 & SISK, P.A.

By: */s/ Alex C. Walker*
     Alex C. Walker
     Margaret M. Hickey
     Post Office Box 2168
     500 Fourth Street NW, Suite 1000
     Albuquerque, New Mexico  87103-2168
     Telephone: 505.848.1800
     awalker@modrall.com
     mhickey@modrall.com

NELSON MULLINS RILEY
& SCARBOROUGH LLP
Jeffrey L. Mapen
Annefloor de Groot
Atlantic Station
201 17th Street NW, Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
jeff.mapen@nelsonmullins.com
annefloor.degroot@nelsonmullins.com

*Attorneys for Defendant Okinus, Inc.*

WE HEREBY CERTIFY that on the 3rd day of December, 2024, we filed the foregoing electronically through the CM/ECF system which caused all parties or counsel to be served by electronic means, as more fully reflected in the Notice of Electronic Filing.

MODRALL, SPERLING, ROEHL, HARRIS
& SISK, P.A.

By: */s/ Alex Walker*
Alex C. Walker

*W5231710.DOCX*