IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VERONICA KENNY,

    Plaintiff,

v.                                                                             Civ. No. 24-01062 KG/KRS

IFINANCE LLC and
OKINUS, INC.,

    Defendants.

MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff Veronica Kenny's Motion and Brief to Remand for Lack of Subject Matter Jurisdiction, (Doc. 18), filed November 20, 2024.[1] Defendant Okinus, Inc., filed its Response, (Doc. 27), December 17, 2024. Plaintiff filed her Reply, (Doc. 28), December 27, 2024. Defendant then filed a Notice of Supplemental Authority Regarding Plaintiff's Motion, (Doc. 31), January 15, 2025, the same day the United States Supreme Court issued its opinion in *Royal Canin U. S. A., Inc. v. Wullschleger*, No. 23-677, 2025 WL 96212, at *1 (U.S. Jan. 15, 2025). Having considered the briefing and the applicable law, the Court grants Plaintiff's Motion.

I.     *Background*

This case stems from a bed-bug infested furniture financing dispute. (Doc. 12). In November 2023, Plaintiff alleges she was improperly coaxed into a rent-to-own financing

---

[1] The Court is also aware of Defendant Okinus, Inc.'s Motion to Stay Proceeding's and Compel Arbitration, (Doc. 4), filed on October 29, 2024, and Plaintiff's Motion to Stay Pending a Decision on Plaintiff's Motion to Remand, (Doc. 19), filed on November 20, 2024. Because Plaintiff's Motion to Remand implicates this Court's subject matter jurisdiction, the Court first considers the instant Motion.

1

agreement with Defendants.[2]  *Id.* at 3.  She further alleges that this agreement was not, in fact, a rent-to-own agreement, but instead, a "loan in disguise," financed by Defendant Okinus, Inc.[3] *Id.* at 1.  Defendants allegedly hid the true nature of the contract "by forging her signature on a rent to own agreement and delivering it to an email address that *they created* for her."  *Id.*  After all this, Plaintiff alleges Defendants delivered bed bug infested furniture to her but refused to let her return the furniture and cancel the contract, despite the infestation.  *Id.*  As a result, Plaintiff filed a complaint against Defendants.

On October 7, 2024, Plaintiff filed her initial complaint in New Mexico's Eleventh Judicial District Court.  (Doc. 1-1).  At that time, the Plaintiff brought nine claims for relief.  *Id.* at 12–15.  Two of these claims included federal violations: (1) Truth in Lending Act (TILA), and (2) Electronic Fund Transfer Act (EFTA).  *Id.*  Two weeks later, Defendant Okinus, Inc. removed the case to this Court pursuant to federal question jurisdiction.  (Doc. 1).  Almost a month later, on November 19, 2024, Plaintiff filed her First Amended Complaint for Damages (FAC), abandoning her federal claims.  (Doc. 12).  Plaintiff then filed this Motion to Remand, arguing the Court no longer has subject matter jurisdiction.  (Doc. 18).

*II.    Discussion*

Plaintiff argues that because her FAC no longer includes federal claims against Defendants, this Court should remand the case back to state court.  *Id.* at 1.  In its Response, Defendant argues the Court must consider the complaint at the time of removal to determine whether it can exercise jurisdiction over the case.  (Doc. 27) at 3.  But, as Defendant notes, after

---

[2] Plaintiff alleges Defendant Okinus and Defendant iFinance LLC "operate as agents of one another."  (Doc. 12) at 2.
[3] The Court notes Defendant iFinance LLC has yet to enter an appearance in this case.

briefing was completed, the United States Supreme Court issued an opinion impacting this case. (Doc. 31) (citing *Royal Canin U.S.A., Inc.*, No. 23-677, 2025 WL 96212).

In *Royal Canin*, the United States Supreme Court held that "[w]hen a plaintiff, after removal, cuts out all her federal-law claims, federal-question jurisdiction dissolves. And… supplemental jurisdiction over the residual state claims disappears as well." *Royal Canin U. S. A., Inc.*, 2025 WL 96212, at *9. Notwithstanding the Supreme Court's holding—and despite Plaintiff excising her federal causes of action—Defendant maintains this Court is not required to remand this action. (Doc. 31) (citing (Doc. 27) at 6–7). Defendant argues the FAC still contains allegations "relating to and arising out of federal statutes." (Doc. 27) at 6. Defendant, however, fails to demonstrate that Plaintiff's allegations relating to and arising out of federal statutes provide this Court with federal question jurisdiction.

As courts of limited jurisdiction, there is a presumption against federal courts' jurisdiction. *Board of Cnty. Comm'rs of Boulder Cnty. v. Suncor Energy (U.S.A.) Inc.,* 25 F.4th 1238, 1250 (10th Cir. 2022). Under 28 U.S.C. § 1331, federal jurisdiction is cabined by the well-pleaded complaint rule, which provides "that the federal question must appear on the face of a well-pleaded complaint and may not enter in anticipation of a defense." *Id.* at 1255 (quoting *Verlinden V.B. v. Cent. Bank of Nigeria*, 461 U.S. 480, 494 (1983)). Therefore, "federal

3

jurisdiction attaches when federal law creates the cause of action asserted." *Id.* (quoting *Merrill Lynch, Pierce, Genner & Smith Inc. v. Manning*, 578 U.S. 374, 383 (2016).[4]

Here, the FAC's only reference to a federal statute is ¶ 73, which reads "[t]he Electronic Funds Transfer Act (EFTA) absolutely prohibits the conditioning of the extension of credit on repayment by preauthorized electronic funds transfers." (Doc. 12) at 8 (citing 15 U.S.C. § 1693(k)). Plaintiff, however, removed her claim that Defendants violated the EFTA. (Doc. 12); *see also* (Doc. 18) ("Plaintiff has abandoned, and [does] not intend to re-allege, the federal law claims that gave rise to Defendant Okinus, Inc.'s removal."). Still, Defendant contends that "the state statutes under which Plaintiff brings her claims…implicate federal statutes." (Doc. 27) at 7.

Defendant cites the New Mexico Rental Purchase Agreement Act (RPAA), NMSA 1978, Section 57-26-5(B) and the New Mexico Retail Installment Sales Act (RISA), NMSA 1978, Section 56-1-15. Subsection B of the RPAA reads: "With respect to matters governed by the federal Consumer Credit Protection Act, 15 U.S.C. Sections 1601 et seq., compliance with that act satisfies the requirements of this section," while Section 15 of the RISA reads: "Any creditor engaging in transactions subject to the provisions of this act, who complies with 15 United States Code, [§§] 1601 through 1665, and the regulations promulgated pursuant thereto, shall be deemed to have complied with applicable provisions of this act." While the language in these

---

[4] The Court notes two exceptions to the well pleaded complaint rule: "(1) the state-law claims are artfully pleaded/completely preempted by federal law and (2) the state-law claims necessarily raise a substantial, disputed federal question." *Board of Cnty. Comm'rs of Boulder Cnty* 25 F.4th 1255 (citation omitted). The Court, however, is unpersuaded that either exception applies here, and because Defendant does not argue otherwise, the Court will not address these exceptions. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("As the part[y] removing this case to federal court, [Defendant] bear[s] the burden of establishing jurisdiction by a preponderance of the evidence.").

statutes indicate compliance with federal statutes could be a defense to a violation, "a defense based on federal law does not transform claims based on state law into a removable federal question." *Board of Cnty. Comm'rs of Boulder Cnty.* 25 F.4th at 1255 (citing *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152–54 (1908); *see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005) (explaining "mere need to apply federal law in a state-law claim" will not "suffice to open the 'arising under' door."). Thus, in the absence of an alleged federal cause of action, and with only a single allegation in the FAC referencing a federal statute, the Court concludes this case does not present a federal question.

III.   Conclusion

For these reasons, the Court determines it lacks federal question subject matter jurisdiction. Pursuant to 28 U.S.C. § 1447(c), the Court must remand this case to the Eleventh Judicial District Court, County of McKinley, State of New Mexico. Consequently, the Court denies, as moot: (1) Defendant's Motion to Stay Proceeding's and Compel Arbitration, (Doc. 4), and (2) Plaintiff's Motion to Stay Pending a Decision on Plaintiff's Motion to Remand, (Doc. 19).

IT IS SO ORDERED.

CHIEF UNITED STATES DISTRICT JUDGE